KASOLD, Judge:
Veteran Fred J. Vigil appeals through counsel an August 2, 2005, Board of Veterans’ Appeals (Board) decision that denied entitlement to an effective date earlier than January 25, 1989, for an award of service connection for post-traumatic stress disorder (PTSD). Mr. Vigil argues that the Board erred in its determination that 38 C.F.R. § 3.156(c) (2005), regarding effective date of awards, was not applicable in his case. For the reasons stated below, we will set aside the Board decision and remand this matter for further adjudication.
I. BACKGROUND
In December 1980, Mr. Vigil filed a claim for PTSD that was ultimately denied because a Department of Veterans Affairs (VA) examination determined that he did not have a PTSD diagnosis. See Record (R.) at 6. Mr. Vigil filed a Notice of Disagreement to this decision and the Secretary issued a Statement of the Case, however, Mr. Vigil did not pursue this appeal further and the regional office (RO) decision became final.
On January 25, 1989, Mr. Vigil submitted another application for compensation for PTSD. R. at 75-76. VA informed Mr. Vigil that, because his claim had previously been denied, he needed to submit new and material evidence to have the claim reconsidered. R. at 81. In 1991, Mr. Vigil submitted a private medical opinion by Dr. Don Cole that established a PTSD diagnosis. While Mr. Vigil’s claim was pending, the U.S. Armed Services Center for Research of Unit Records (hereinafter USASCRUR or CRUR) provided unit rec *65 ords to the RO describing an explosion at an ammunition dump that Mr. Vigil previously described as one of his stressors.[1] After a series of remands, the RO, in 2001, awarded service connection for PTSD rated 100% disabling from January 25, 1989, the date of his claim to reopen.
Mr. Vigil challenged this decision arguing that upon receipt of the USASCRUR records his initial claim should have been reconsidered pursuant to 38 C.F.R. § 3.156(c) to determine if he was entitled to an effective date earlier than January 25, 1989, the date on which he filed to reopen his PTSD claim. In the decision on appeal, the Board determined that § 3.156(c) did not apply because (1) the USASCRUR records received by the RO had not been misplaced or erroneously omitted from the initial determination and therefore were not the type of record contemplated by the regulation, and (2) there was no diagnosis of PTSD in the record at the time of the original decision denying his claim. Having determined that § 3.156(c) was not for application, the Board declined, pursuant to 38 C.F.R. § 3.400(q)(l)(ii) (2005), to set Mr. Vigil’s effective date for service-connected PTSD at a date earlier than the date of his claim to reopen.
During the pendency of this appeal, the Secretary revised § 3.156(c) with a stated purpose of, inter alia, clarifying the regulation to reflect current practices. See 38 C.F.R. § 3.156(c) (2007); see also New and Material Evidence, 70 Fed.Reg. 35,388 (proposed June, 20, 2005) (codified at 38 C.F.R. pt. 3). At oral argument, the Secretary agreed that his clarifying statements in the proposed rule should govern the interpretation of the pre-amended § 3.156(c) wherever relevant in this case. Mr. Vigil also generally agreed that the clarifying statements governed here. Although the parties agree that the Secretary’s interpretation is reasonable and applicable in this case, they differ on whether this interpretation requires a claimant to be provided a retroactive medical examination, with Mr. Vigil arguing he is so entitled and the Secretary arguing to the contrary. Inasmuch as the parties agree that the Secretary’s clarifying statements generally apply in this case, and because we see no reason that they should not, see Tropf v. Nicholson, 20 Vet.App. 317, 320 (2006) (“We review the interpretation of regulations de novo.”); see also 38 U.S.C. § 7261(a)(1); Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (Court must defer to the agency’s interpretation of the statute unless it is “arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law”), we will review the Board decision in light of these clarifying statements.
II. DISCUSSION
Three aspects of the Secretary’s clarifying statement with regard to the scope of § 3.156(c) are relevant here: (A) Applicability of § 3.156(c) did not depend on whether the newly acquired service records were corrected records or had been misplaced at the time a claim was filed, (B) § 3.156(c) authorizes an effective date as early as the date of the original claim up to the date of the claim to reopen, and (C) application of § 3.156(c) requires a retroactive evaluation of disability.
A. 38 C.F.R. § 3.156(c) — Misplaced or Corrected Records
The Board determined that 38 C.F.R. § 3.156(c) was not applicable to Mr. Vigil’s *66 claim because the regulation comprehended official service department records that have been misplaced or corrected. However, the Secretary’s clarifying statement explicitly states that “in practice, VA does not limit its reconsideration to ‘misplaced’ service department records.” See New and Material Evidence, 70 Fed.Reg. at 35,388. The clarifying statement further notes that the reference to misplaced records in the regulation was intended to be an example of the types of records that might allow a claimant to obtain an effective date prior to the date of reopening under § 3.156(c), and was not limited solely to misplaced records. Accordingly, the Board erred in rejecting the application of § 3.156(c) on this basis.
Moreover, to the extent the Board rejected the application of § 3.156(c) on the basis that USASCRUR records are not the type of records contemplated by the regulation because they were “generated on behalf of an active and pending claim” (R. at 10), the Secretary explicitly cited CRUR records as an example of the type of records that are to be considered, as long as the claimant provides “sufficient information for VA to identify and obtain the records.” See New and Material Evidence, 70 Fed.Reg. at 35,390. In this instance, USASCRUR records were obtained and used to verify Mr. Vigil’s stressors.[2] See R. at 7-8, 326-27. Accordingly, the Board erred in rejecting the application of § 3.156(c) simply because these records had not been misplaced or because they were generated by USASCRUR upon the Secretary’s request, and remand is warranted so that the Board may consider the Secretary’s clarifying statement when assessing the applicability of this regulation in this case.[3] See Tucker v. West, 11 Vet.App. 369, 374 (1998) (“[Wjhere the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate, a remand is the appropriate remedy.”).
B. 38 C.F.R. § 3.156(c) — Effective Date
As the Secretary states in his clarifying statement, “ ‘[a]n award based all or in part on the records identified by ... this section is effective on the date entitlement arose or the date VA received the previously decided claim.’ ” New and Material Evidence, 70 Fed.Reg. at 35,389 (quoting the proposed § 3.156(c)). Moreover, by way of specific example, the Secretary notes that when an initial claim is denied because of a lack of evidence of an in-service injury, but is later granted based in part on subsequently acquired service records establishing the in-service injury and new medical evidence showing a nexus between a current disability and that in-service injury, the claimant is entitled to a retroactive evaluation of the disability to assess a proper effective date which would be the date of the original claim or the date entitlement otherwise arose, whichever is later. Id. In this sense, the original claim is not just re-opened, it is reconsidered and serves as the date of the claim *67 and the earliest date for which benefits may be granted. See id.
Thus, depending on the facts, Mr. Vigil could be assigned an effective date as far back as his original claim or the date on which entitlement arose, whichever is later, if § 3.156(c) ultimately is deemed to be applicable in this case. For this reason, the Secretary’s argument that the Board decision should be affirmed because there is a plausible basis for its factual finding that Mr. Vigil was not diagnosed with PTSD prior to 1989 is inapposite. Although the Board found that the Secretary had fulfilled his duty to assist and that no further medical examination was warranted, this finding was predicated, at least in part, on the Board’s conclusion that § 3.156(c) was not for application in this case on the improper grounds that certain records had not been misplaced previously or were obtained from USASCRUR upon request. See R. at 4 (“A medical examination is not relevant to the pending appeal, and as such, VA fulfilled its duties to the veteran to the extent possible given the particular circumstances of this case.”). If § 3.156(c) ultimately is deemed applicable, the duty to assist would require not only the development of evidence regarding the degree of disability associated with Mr. Vigil’s PTSD, but also the development of evidence regarding when Mr. Vigil first suffered from PTSD or the extent to which he suffered from PTSD prior to the date of his claim to reopen. See 38 U.S.C. § 5103A(a)(l) (requiring the Secretary to “make reasonable efforts to assist a claimant by obtaining evidence necessary to substantiate” the claim); Forcier v. Nicholson, 19 Vet.App. 414, 421-22 (2006); 38 C.F.R. § 3.159(c) (2005).
C. Retroactive Evaluation of Disability
Because the Board determined that § 3.156(c) was inapplicable to Mr. Vigil’s claim, it did not address whether a retroactive medical examination was required, or otherwise necessary to fulfill the duty to assist. Moreover, the issue of the scope of the Secretary’s obligation with respect to a retroactive evaluation was raised for the first time at oral argument, and, particularly in light of the fact that remand is otherwise warranted, this issue can be addressed in the first instance on remand. See Maggitt v. West, 202 F.3d 1370, 1377-78 (Fed.Cir.2000) (holding that the Court has discretion to hear or to remand legal arguments raised for the first time on appeal).
III. REMAND
On remand, Mr. Vigil may present any additional evidence and argument in support of his contention that he is entitled to an effective date prior to the date his claim was reopened and the Board must consider any evidence and argument so presented. See Kay v. Principi, 16 Vet.App. 529, 534 (2002). This matter is to be provided expeditious treatment on remand. See 38 U.S.C. § 7112.
IV. CONCLUSION
The August 2, 2005, decision of the Board is SET ASIDE and REMANDED for adjudication consistent with this opinion.

. The USASCRUR is now known as the Army & Joint Services Records Research Center or the JSRRC. Jennings v. Nicholson, No. 06-0758, 2007 WL 2429834, at *2 (Vet.App. Aug. 10, 2007).

. Although not an issue in this case, we note that the Secretary’s clarifying statement makes it clear that an earlier effective date may be assigned under § 3.156(c) when an award is based "all or in part” on the newly obtained service records. See New and Material Evidence, 70 Fed.Reg. at 35,389.

. Contrary to the view of our dissenting colleague, we are not holding that § 3.156(c) warrants an earlier effective date in this case or all cases that are denied for a lack of diagnosis and later reopened and granted, in part, on service records not obtained previously, or that § 3.156(c) necessarily is for application here. Rather, we are holding that the Board's decision that § 3.156(c) does not apply to Mr. Vigil's claim rests on a faulty premise.