NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE WEST,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7079

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-1185, Judge Donald L. Ivers.

---

Decided: December 2, 2011

---

ROBERT P. WALSH, of Battle Creek, Michigan, argued for claimant appellant.

ALLISON KIDD-MILLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were TONY WEST, Assistant

Attorney General, JEANNE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR., Assistant Director, and JAMES SWEET, Trial Attorney. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before BRYSON, CLEVENGER, and PROST, *Circuit Judges*.

PER CURIAM.

In this case involving a veteran's claim for disability benefits, the veteran, Lawrence West, appeals from an adverse decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"). In its decision, the Veterans Court upheld a ruling of the Board of Veterans' Appeals that Mr. West had not established service connection for disabilities he allegedly suffered due to exposure to ionizing radiation during his service. The court also upheld the Board's ruling that Mr. West was not entitled to an earlier effective date for benefits attributable to a service-connected psychiatric disability. We affirm the judgment of the Veterans Court.

I

Mr. West served in the U.S. Navy from January 1959 through January 1963. During that time, he participated in an atmospheric nuclear testing operation known as Dominic I, which was conducted at Johnston Island in the Pacific Ocean.

In April 1994, Mr. West filed a claim for service connection for injuries he claimed to have suffered as a result of radiation exposure during the Dominic I operation. When a regional office of the Department of Veterans

Affairs ("DVA") denied service connection, Mr. West appealed to the Board of Veterans' Appeals. In that appeal, Mr. West noted that he suffered from "continued anxiety" and "mental health" concerns. After further proceedings, the DVA granted Mr. West service connection for a psychiatric disorder, effective as of November 13, 1995, the date of his appeal to the Board.

In connection with those proceedings, the Board entered a separate remand order directing the regional office to obtain an estimate of the radiation dose to which Mr. West was exposed during his service. Mr. West had previously received a radiation dose assessment of 0.065 rem. The regional office requested a revised radiation dose assessment from the Defense Threat Reduction Agency ("DTRA"). The DTRA issued a new radiation dose assessment estimate in September 2006, in which it specified an upper-bound of 0.0 rem of gamma radiation, as well as 0.0 rem of beta plus gamma radiation. Based on that estimate, the regional office in November 2006 denied Mr. West's claim of service connection for skin cancer, Epstein-Barr type viral infection, and residuals of radiation exposure, including general health problems, a genetic disorder, and bone degeneration.

In connection with a new screening procedure designed to expedite skin cancer claims by veterans who had suffered radiation exposure, the DTRA subsequently included Mr. West on a list of veterans who had a total skin radiation dose (beta plus gamma) of not more than 550 rem. That new estimate was issued in December 2006, and it did not include a separate estimate of gamma radiation by itself. Based on the new estimate, the regional office granted Mr. West service connection for basal cell carcinoma, but it assigned a 0% disability rating to that condition. The regional office did not address Mr.

West's other service connection claims that had previously been denied.

In October 2007, Mr. West underwent a physical examination by Dr. Robert Satovick of the VA Salt Lake City Health Care System. In his report, Dr. Satovick stated that he had reviewed Mr. West's claims file. After examining Mr. West, Dr. Satovick concluded that Mr. West's joint complaints were not likely to have been caused by radiation exposure. Based on that report, as well as a letter from Dr. Daniel Priestly stating that there was no radiographic evidence to support the contention that radiation exposure was a cause of the degenerative changes in Mr. West's spine, shoulders, and hands, the Board denied service connection for Epstein-Barr virus, and other health problems associated with radiation exposure. The Board also denied Mr. West's request for an earlier effective date for his service-connected psychiatric disability. The Veterans Court affirmed the Board's decisions on both issues, and Mr. West appealed to this court.

## II

The scope of our jurisdiction to review decisions of the Veterans Court is limited by statute. This court's jurisdiction over appeals from the Veterans Court is limited to deciding the validity or interpretation of statutes, regulations, or constitutional provisions, and reviewing decisions of that court on "a rule of law or of any statute or regulation . . . that was relied on by [the Veterans Court] in making the decision." 38 U.S.C. § 7292(a), (c). Except in cases presenting constitutional issues, this court lacks jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

1. Mr. West first argues that he was denied a full examination after the new skin dose estimate of 550 rem was issued. However, that estimate was issued prior to Dr. Satovick's examination, and Dr. Satovick stated that he reviewed Mr. West's claims file at the time of his examination. The Veterans Court noted that Mr. West's claims file included the pertinent dosage estimates, and Mr. West does not contend that the 550 rem dosage estimate was missing from the claims file at the time Dr. Satovick reviewed it.

Although Mr. West contends that Dr. Satovick's examination was inadequate, Dr. Satovick reviewed Mr. West's prior medical history and described the disability that Mr. West complained of. The opinion therefore met the requirements set forth in *Stefl v. Nicholson*, 21 Vet. App. 120 (2007). Whether Dr. Satovick gave sufficient weight to the new estimate in forming his opinion was a matter for the Board to decide and for the Veterans Court to review on appeal. That question is one of fact and is therefore outside of our jurisdiction in reviewing the Veterans Court's decision. Accordingly, we do not address that aspect of the Veterans Court's ruling.

In addition to his factual contentions regarding the sufficiency of Dr. Satovick's examination, Mr. West raises two legal arguments in connection with his radiation exposure claim. First, he contends that the Veterans Court adopted an erroneous legal rule "when it permitted the Board to rely upon medical reports that were based upon the false premise that Mr. West had not suffered high dose radiation exposure at the 550 rem level." That argument, although presented as a legal contention, is based on the factual assertion that Dr. Satovick was not aware of, or at least did not avert to, the revised radiation dosage estimate. To the extent that Mr. West contends

that Dr. Satovick's report was legally inadequate because it did not explicitly refer to the 550 rem dosage estimate and "provided no rationale to support [its] conclusion that radiation exposure was not a factor in the disabilities Mr. West was complaining of," Mr. West points to no legal support for imposing such a legal requirement for medical opinion evidence in connection with non-radiogenic conditions such as Mr. West's, and we decline to adopt such a rule.

Mr. West's second legal argument is that the Veterans Court denied him due process of law when it upheld the Board's decision denying him "new medical examinations after the government issued the 550 rem radiation dosage estimates." That argument also lacks merit. In the first place, Dr. Satovick's examination occurred after the 550 rem dosage estimate was issued, not before. More basically, his argument is that the DVA has denied him due process because it has failed to conduct a sufficiently comprehensive examination of all of his radiation-based complaints in light of the revised radiation exposure estimates. On that highly factual issue, the Veterans Court concluded that the examinations at issue were adequate in light of the disabilities Mr. West complained of and the other evidence of his medical condition. Under these circumstances, we cannot conclude that Mr. West has been denied due process of law.

2. Mr. West next argues that he should be entitled to an earlier effective date for his service-connected psychiatric disorder. He argues that because he was under a legal obligation not to disclose his participation in the Dominic I nuclear testing operation, he was unable to file a claim at the time he began suffering from his psychiatric disorder. He contends that it was only after he received a letter in 1994 from the Defense Nuclear Agency,

which indentified him as a nuclear test participant, that he believed he was free to file a claim for injuries that he suffered as the result of his participation in that operation. According to Mr. West, the legal prohibitions against his revealing the facts of the nuclear testing operation served as an impediment to his filing an earlier claim and, as such, should be considered to create an exception to the statutory requirement that "the effective date of an award . . . shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a). In particular, he argues that 38 C.F.R. § 3.156(c) allows for a revision of the effective date based on as yet undisclosed documents regarding Mr. West's service. As a question of statutory and regulatory interpretation, we have jurisdiction to consider this argument.

The Department of Veterans Affairs has the power to issue regulations "necessary or appropriate to carry out the laws" it administers. 38 U.S.C. § 501(a). Under 38 C.F.R. § 3.156(c), a revised effective date can be assigned for a service-connected disability based on new and material evidence. *See Vigil v. Peake*, 22 Vet. App. 63, 67 (2008). A revised effective date, however, must still meet the statutory requirement that it not be earlier than the date of the veteran's original application for benefits, except as specifically provided by statute. *See* 38 U.S.C. § 5110(a). Neither the Veterans Court nor this court has the authority to fashion non-statutory exceptions to that provision based on any perceived or real impediments the veteran may have encountered in filing his claim. Mr. West is therefore not entitled to an effective date for his service-connected psychiatric condition earlier than November 1995, when he first filed his claim. Accordingly, we affirm the decision of the Veterans Court on that issue.

Each party shall bear its own costs for this appeal.

**AFFIRMED**