Citation Nr: 1513875 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 09-32 128A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J.N. Moats, Counsel


INTRODUCTION

The Veteran had active military service from May 1985 to November 1986.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2007 rating decision by the Department of Veterans' Affairs (VA) Regional Office (RO) in Roanoke, Virginia that denied entitlement to a total rating based on individual unemployability.

In April 2011, the Veteran testified at a video conference hearing before the undersigned Acting Veterans Law Judge (AVLJ). A transcript of the hearing is associated with the claims file.

In September 2011, the Board denied the issue on appeal. However, in September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the AVLJ that conducted the April 2011 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In October 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place. Thus, the Board vacated the September 2011 decision in June 2014. 

A hearing before the same AVLJ was held in November 2014. Nevertheless, in December 2014, the Board informed the Veteran that a written transcript of the hearing could not be produced due to technical difficulties. Subsequently, the Veteran requested another Board video-conference hearing, which was scheduled in March 2015. However, thereafter, the Veteran cancelled the hearing. 

The Board observes that additional evidence has been associated with the record that has not been considered by the Agency of Original Jurisdiction (AOJ) in conjunction with the current appeal. Nevertheless, waiver of AOJ consideration is not necessary as the Board herein remands the issue on appeal and, as such, the AOJ will have the opportunity to consider these records in the readjudication of the Veteran's claim.

The issue of entitlement to a temporary total disability rating under the provisions of 38 C.F.R. § 4.30 based on January 2014 and October 2014 surgeries for bilateral lower extremity neuropathy necessitating a period of convalescence has been raised by the record in March 2014 and November 2014 statements, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

As a final preliminary matter, the Board notes that in addition to a paper claims file, the Veteran also has paperless, electronic Virtual VA and Veterans Benefit Management System (VBMS) claims files associated with his claim. In pertinent part, the VBMS record includes additional authorizations for treatment, the above-mentioned claims for a temporary total disability rating, VA medical opinions, appointment of a the Veteran's representative as listed on the front page of this decision and a brief submitted by the Veteran's representative. Moreover, the Virtual VA record includes additional VA treatment records. 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 
38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2014).

The Veteran is seeking entitlement to a TDIU. In order to establish entitlement to TDIU, there must be impairment due to service-connected disabilities so severe that it is impossible for the average person to secure and follow a substantially gainful occupation. See 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16 (2014). In reaching such a determination, the central inquiry is "whether the Veteran's service connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Consideration may be given to the Veteran's level of education, special training, and previous work experience in arriving at a conclusion, but not to his age. See 38 C.F.R. §§ 3.341, 4.16, 4.19 (2014).

The regulatory scheme for TDIU provides both objective and subjective criteria. 
Hatlestad, supra; VAOPGCPREC 75-91 (Dec. 27, 1991), 57 Fed. Reg. 2317 (1992). The objective criteria provide for a total rating when there is a single disability or a combination of disabilities that result in a 100 percent schedular evaluation. Subjective criteria provide for a TDIU when, due to service-connected disability, a Veteran is unable to secure or follow a substantially gainful occupation, and has a single disability rated 60 percent or more, or at least one disability rated 40 percent or more with additional disability sufficient to bring the combined evaluation to 70 percent. For the purposes of this analysis, the following will be considered a single disability: disabilities resulting from a common etiology or a single accident, and disabilities affecting a single body system such as the orthopedic system. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). In exceptional circumstances, where the Veteran does not meet the percentage requirements, a total rating may nonetheless be assigned upon a showing that the individual is unable to obtain or retain substantially gainful employment. 38 C.F.R. § 4.16(b).

In this case, the Veteran is service-connected for a herniated nucleus pulposus, lumbar spine, post-operative, with severe residuals rated as 60 percent disabling. 38 U.S.C.A. § 4 .25. As such, the Veteran meets the minimum schedular criteria for TDIU under 38 C.F.R. § 4.16(a).

The Veteran was last afforded a VA examination to address the severity of his low back disorder and its functional effects in January 2011, over four years ago. However, as noted above, the Veteran had surgery for lower extremity neuropathy in January 2014 on the left side and in October 2014 on the right side. In a November 2014 statement, the Veteran's VA physician opined that the Veteran's neuropathic symptoms were more likely than not due to his service-connected low back disorder. Therefore, in light of the evidence showing recent surgery for an associated neurological abnormality of the spine, the Board finds that a new VA examination is necessary to determine the current severity of the Veteran's service-connected low back disorder and render a medical opinion regarding the functional impact the Veteran's service-connected low back disorder has on his employability. See Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95 (1995). 

Further, the Board observes that a retrospective medical opinion may be required to determine whether, and if so when, it can be concluded that the Veteran's service-connected low back disorder alone prevented him from obtaining and maintaining substantially gainful employment at any point since the August 2006 claim for TDIU. See Chotta v. Peake, 22 Vet. App. 80 (2008) (noting that a duty to assist may include development of medical evidence through a retrospective medical evaluation where there is a lack of medical evidence for the time period being rated); see also Vigil v. Peake, 22 Vet. App. 63 (2008) (holding that the duty to assist may include development of medical evidence through a retrospective medical evaluation where there is a lack of medical evidence for the time period being rated). 

Furthermore, in a November 2014 authorization, the Veteran indicated that he had received treatment for his low back disorder from M.J., M.D. However, it does not appear that these records have been obtained. As these records are pertinent to the matter on appeal, the AOJ should take appropriate steps, to obtain any additional clinical records from Dr. M.J.

Additionally, in an April 2014 authorization, the Veteran reported receiving continuous treatment at the VA. The Veteran's Virtual VA record includes treatment records from January 2014 to July 2014. However, the only VA treatment records associated with the claims file date from August 2004 and were submitted in conjunction with the Veteran's Social Security Administration (SSA) records. As such, there may be outstanding, relevant VA treatment records. As VA medical records are constructively of record and must be obtained, the AOJ should obtain VA treatment records dated from August 2004 to January 2014 and from July 2014 to the present. See 38 C.F.R. § 3.159 (2014); Bell v. Derwinski, 2 Vet. App. 611 (1992).

Lastly, as discussed above, additional pertinent evidence has been associated with the record since the last consideration by the AOJ in a February 2011 supplemental statement of the case (SSOC). As such, the Veteran's claim should be readjudicated on the entirety of the evidence, to include such received since the issuance of the February 2011 SSOC. 

Accordingly, the case is REMANDED for the following action:

1. Appropriate action should be taken to obtain any treatment records from Dr. M.J. All reasonable attempts should be made to obtain such records. Make at least two (2) attempts to obtain records from any identified sources. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

2. Associate all VA treatment records dated from August 2004 to January 2014 and from July 2014 to the present. All reasonable attempts should be made to obtain any identified records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

3. After all additional records are associated with the claims file, afford the Veteran an appropriate VA examination to determine the current nature and severity of his service-connected low back disorder and associated neurological abnormalities. The record, including a copy of this remand, must be made available to the examiner for review. Any medically indicated tests should be accomplished. 

The examiner should describe the nature and severity of all manifestations of the Veteran's lumbar spine disorder. Examination findings should be reported to allow for application of pertinent rating criteria for the lumbar spine. The examiner should also clearly determine whether the Veteran has any associated neurological disabilities and comment on the severity of any such disorders, if any. The examiner should also determine whether the Veteran suffers from any incapacitating episodes due to his spinal disorder. 

Following a review of the record, to include the Veteran's statements, the examiner should describe the functional impact the Veteran's service-connected low back disorder and any associated neurological abnormalities have on his ordinary activities, to include his employability since August 2006, taking into consideration his level of education, special training, and previous work experience, but not his age or any impairment caused by nonservice-connected disabilities.

A rationale should be provided for any opinion offered. 

4. After completing the above and any development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the issue on appeal should be readjudicated on the entirety of the evidence, to include such received since the issuance of the February 2011 supplemental statement of the case. If the issue remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.W. FRANCIS
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).