﻿Citation Nr: AXXXXXXXX
Decision Date: 12/07/18 Archive Date: 12/07/18

DOCKET NO. 180814-266
DATE: December 7, 2018
ORDER
Entitlement to an effective date earlier than June 24, 2015, for service the grant of service connection for a lumbar spine disability is denied.
Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for posttraumatic stress disorder (PTSD) with alcohol dependence (in full remission) is denied.
Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right foot degenerative arthritis status post crush trauma is denied.
Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right thigh crush trauma with hip tendonitis is denied.
Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection of right thigh limited flexion is denied.
Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right thigh, impairment of rotation, adduction or abduction, is denied.
Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right lower extremity sciatica is denied.
Entitlement to an effective date earlier than June 24, 2015, for the grant of entitlement to special monthly compensation (SMC) at the housebound rate is denied.
FINDINGS OF FACT
1. In September 1965, the Veteran was discharged by reason of the sentence of a general court martial. 
2. In an administrative decision in July 1965 the RO denied claims for service connection for injuries incurred as a result of the November 1961 incident, including a back condition, right lower extremity and nervous disorders, based on the character of the Veteran’s discharge. The Veteran did not appeal that decision. 
3. In November 1965 the Board of Correction of Naval Records denied the Veteran’s application for an upgrade of the character of his discharge. 
4. In November 2014 the Veteran submitted an application for an upgrade in his discharge with the Board for Correction of Naval Records. 
5. In June 2015 the Veteran submitted new claims for service connection for injuries incurred as a result of the November 1961 incident, including a back disability, right lower extremity disorders and PTSD. 
6. In an August 2016 administrative decision, the RO changed the character of the Veteran’s discharge to “honorable” under 38 C.F.R. 3.12(c)(6) (ii). 
7. A May 2017 rating decision granted service connection for PTSD with alcohol dependence, rated as 100 percent disabling, effective June 24, 2015.
8. An August 2017 rating decision granted service connection for residuals of November 1961 in-service injuries, including for a lumbar spine disability, a right foot disability, right thigh crush trauma with hip tendonitis, right lower extremity sciatica, right thigh limited flexion, and impaired right thigh rotation, adduction or abduction, with an effective date of June 24, 2015. 
9. An August 2017 rating decision also granted SMC at the housebound rate, effective June 24, 2015; service connection had not been established for any disability prior to June 24, 2015. 
CONCLUSIONS OF LAW
1. The criteria for entitlement to an effective date earlier than June 24, 2015, for service the grant of service connection for a lumbar spine disability have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. § 3.400.
2. The criteria for entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for PTSD with alcohol dependence (in full remission) have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. § 3.400.
3. The criteria for entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right foot degenerative arthritis status post crush trauma have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. § 3.400.
4. The criteria for entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right thigh crush trauma with hip tendonitis have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. § 3.400.
5. The criteria for entitlement to an effective date earlier than June 24, 2015, for the grant of service connection of right thigh limited flexion have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. § 3.400.
6. The criteria for entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right thigh, impairment of rotation, adduction or abduction have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. § 3.400.
7. The criteria for entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right lower extremity sciatica have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. § 3.400.
8. The criteria for entitlement to an effective date earlier than June 24, 2015, for the grant of entitlement to SMC at the housebound rate have not been met. 38 U.S.C. §§ 1114 (l), (s), 5107, 5110; 38 C.F.R. § 3.350, 3.400.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from April 1961 to September 1964.
1. Entitlement to an effective date earlier than June 24, 2015, for service the grant of service connection for a lumbar spine disability
2. Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for PTSD with alcohol dependence (in full remission)
3. Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right foot degenerative arthritis status post crush trauma
4. Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right thigh crush trauma with hip tendonitis
5. Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection of right thigh limited flexion
6. Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right thigh, impairment of rotation, adduction or abduction
7. Entitlement to an effective date earlier than June 24, 2015, for the grant of service connection for right lower extremity sciatica
This is a highly multifaceted case: By rating action in May 2017, the RO granted service connection for PTSD, effective June 24, 2015. In August 2017 the RO granted service connection for residuals of November 1961 in-service injuries, including for a lumbar spine disability, a right foot disability, right thigh crush trauma with hip tendonitis, right lower extremity sciatica, right thigh limited flexion, and impaired right thigh rotation, adduction or abduction, with an effective date of June 24, 2015. 
The Veteran claims that the effective date of the grants of service connection should be 1965, when he initially filed claims for service connection. 
The Veteran’s service records show that he was injured in the line of duty in November 1961 while working on the flight deck when an aircraft rolled on his right leg. The Veteran was discharged under other than honorable conditions (OTHC) in September 1964, due to sentencing resulting from conviction by special court martial which included confinement and hard labor for six months because of unauthorized absences from April 9, 1963 to April 2, 1964. 
This offense was subsequent to a conviction by special court martial for unauthorized absence for about 25 days in 1962 and for offenses such as wrongful possession of liberty cards, pass, selective card, and breaking restriction. 
The service treatment records reflect that prior to discharge, in May 1964, the Veteran was provided a neuropsychiatric examination. The examiner noted that the Veteran’s initial unauthorized absence in 1962 appeared to have been caused by the Veteran’s inability to readjust to working on the flight deck after his leg injury. He was diagnosed with an emotionally unstable personality disorder. 
In determining the character of a discharge, there are certain types of discharges for which entitlement to VA benefits is barred by statute, including by reason of sentence of general court-martial, as a deserter, or for a discharge under OTHC issued as a result of AWOL for a continuous period of at least 180 days; this latter bar does not apply if there are compelling circumstances to warrant the prolonged unauthorized absence. 38 U.S.C. § 5303 (a); 38 C.F.R. § 3.12 (c). 
It is important for the Veteran to understand that such discharges are absolute bars to VA benefits, in the absence of insanity (which the Veteran himself has never contended). 38 U.S.C. § 5303 (a); 38 C.F.R. § 3.12 (b).
Discharge by reason of the sentence of a general court martial is generally a bar to VA benefits, except where there has been a finding of insanity or a decision of the board of correction of records established under 10 U.S.C. § 1552. See 38 C.F.R. § 3.12 (c). Specifically, a discharge under OTHC issued as a result of being AWOL for a continuous period of 180 days is a bar to benefits unless there are compelling circumstances to warrant the prolonged unauthorized absence. 38 C.F.R. § 3.12 (c)(6). Factors to be considered include the length and character of service exclusive of the period of prolonged AWOL, and the reasons for going AWOL. 38 C.F.R. § 3.12 (c)(6)(i). Reasons that are entitled to be given consideration include family emergencies or obligations, or similar types of obligations or duties owed to third parties. 38 C.F.R. § 3.12 (c)(6)(ii). Other factors include the person’s age, cultural and educational background, judgmental maturity, and related items. Id. 
The Veteran initially filed claims for service connection for injuries incurred as a result of the November 1961 incident, including back, right lower extremity and a nervous condition, in May 1965. The claims were denied by the RO in an administrative decision in July 1965, not on the merits, but rather as due to the character of discharge, as noted above, 
The Veteran was informed of this decision in August 1965 correspondence. He did not file a timely notice of disagreement with that determination. 
In September 1965 the Veteran filed an application for an upgrade in his discharge with the Board of Correction of Naval Records. In November 1965, the Department of the Navy informed the Veteran that following a review of the official records and other evidence submitted by the Veteran, no change, correction or modification concerning the character of the Veteran’s discharge, was warranted. 
At that point, it light of the Navy decision, there was no basis to grant this claim.
As the Veteran did not file a timely notice of disagreement with the 1965 administrative decision by the RO, it became final. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.109 (b), 19.25, 20.200, 20.201, 20.302; 20.304.
In November 2014 the Veteran submitted an application for an upgrade in his discharge with the Board for Correction of Naval Records. Reportedly, he forwarded personal records to the National personnel Records Center (NPRC), which he noted were not in the possession of that Agency. 
In June 2015, the Veteran submitted new claims for service connection for injuries incurred as a result of the November 1961 incident, including a back disability, right lower extremity disorders, and PTSD. 
In arguments in support of his claims, he asserted that due to the November 1961 injuries he developed PTSD which caused him to go AWOL. He also submitted a June 2015 and February 2016 psychological evaluation reports that associated the Veteran’s PTSD with the in-service injury, and further attributed to the Veteran’s in-service unauthorized absences to his PTSD. 
Important to note is that this new information did not exist when the Veteran filed his first claim.
In an August 2016 administrative decision the RO vacated the prior July 1965 decision and changed the character of the Veteran’s discharge to “honorable” based on compelling circumstances under 38 C.F.R. 3.12(c)(6) (ii)). Specifically, the Veteran’s statements submitted in 2015 wherein he attributed his prolonged unauthorized absence in service to the November 1961 flight deck incident. 
Again, the RO is centering this decision on statements from 2015, not the statements made in the 1960’s.
In May 2017 the RO granted service connection for PTSD, effective June 24, 2015, and in August 2017 the RO granted service connection for a lumbar spine disability, a right foot disability, right thigh crush trauma with hip tendonitis, right lower extremity sciatica, right thigh limited flexion, and impaired right thigh rotation, adduction or abduction, also effective June 24, 2015, the date the claims for service connection were received. 
Generally, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim for increase, or a claim reopened after final disallowance, will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400. Unless otherwise provided, the effective date of compensation will be fixed in accordance with the facts found, but will not be earlier than the date of receipt of the claimant’s application. 38 U.S.C. § 5110 (a).
If a claim for disability compensation is received within one year after separation from service, the effective date of entitlement is the day following separation or the date entitlement arose. 38 C.F.R. § 3.400 (b)(2). 
Under 38 U.S.C. § 5110 (i), whenever any disallowed claim is reopened and thereafter allowed on the basis of new and material evidence resulting from the correction of the military records of the proper service department (under section 1552 of title 10), or the change, correction, or modification of a discharge or dismissal (under section 1553 of title 10), or from other corrective action by competent authority, the effective date of commencement of the benefits so awarded shall be the date on which an application was filed for correction of the military record or for the change, modification, or correction of a discharge or dismissal, as the case may be, or the date such disallowed claim was filed, whichever date is the later, but in no event shall such award of benefits be retroactive for more than one year from the date of reopening of such disallowed claim. See also 38 C.F.R. § 3.400 (g).
As noted above, the July 1965 administrative decision by the RO became final when the Veteran failed to file an appeal. While the Board acknowledges that the Veteran submitted an application for an upgrade of the character of his discharge from service to the Board of Correction of Naval Records, which was denied in November 1965, and again in November 2014. The date on which he submitted an application to reopen the claims for entitlement to service connection for residuals of injuries incurred in November 1961, was received by the RO on June 24, 2015. 
As the June 24, 2015 date is the later of the two, the RO correctly assigned an effective date of June 24, 2015, the date on which disallowed claims for service connection for injuries to the back, right lower extremity and a nervous disorder, were reopened, to grant of service connection.
The Board has also considered whether the provisions of 38 C.F.R. § 3.156 (c) are applicable in the present case and whether they would allow for reconsideration of the Veteran’s original claim for service connection and a possible legal basis for an earlier effective date for the grant of service connection. 38 C.F.R. § 3.156 (c); Vigil v. Peake, 22 Vet. App. 63 (2008). 
Specifically, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. 38 C.F.R. § 3.156 (c)(1). 
Service department records include (i) service records that are related to a claimed in-service event, injury, or disease, regardless of whether such records mention the Veteran by name; (ii) additional service records forwarded by the Department of Defense or the service department to VA any time after VA’s original request for service records; and (iii) declassified records that could not have been obtained because the records were classified when VA decided the claim. 38 C.F.R. § 3.156 (c)(1). 
Service department records do not include records that VA could not have obtained when it decided the claim because the records did not exist when VA decided the claim, or because the claimant failed to provide sufficient information for VA to identify and obtain the records from the respective service department, the JSRRC, or from any other official source. 38 C.F.R. § 3.156 (c)(2).
Here, while the Veteran’s service treatment records were likely uploaded to his electronic file in 2015, the service treatment records were date stamped as received by VA on July 26, 1965, prior to the July 30, 1965 administrative decision, and there is nothing in the claims file that suggests that Veteran’s relevant service records were not before the RO at the time of the 1965 administrative decision. In any event, while the Veteran asserts he submitted service records in 2015, there is no indication that such records contained relevant information not previously considered. 
Specifically, it is not disputed that prior to the 1965 administrative decision the in-service injury had been established, along with the Veteran’s mental health condition at that time, and his in-service disciplinary actions leading to the character discharge as listed on his DD Form 214. Thus, the evidence fails to show that any service records submitted by the Veteran to VA after the 1965 administrative decision were anything other than cumulative, and thus not a justification for reconsideration of the claim and potential award of an earlier effective date under 38 C.F.R. § 3.156 (c)(3). 
The fact remains that the character of the Veteran’s discharge was a bar to VA benefits until the August 2016 administrative decision changed the character of the Veteran’s discharge based on arguments submitted by the Veteran in 2015 and the medical reports cited above which the RO determined (50 years after service) provided evidence of compelling circumstances under 38 C.F.R. 3.12(c)(6) (ii)). 
Simply stated, without that new evidence (his new statements and the new medical opinions) the Veteran’s claim for an upgrade fails (as it did more than 50 years ago). The service records he provided were of record in 1965, but even if they were not, they did not form the basis of the grant. 
Under 38 C.F.R. § 3.105 (a), a prior final decision can be reversed or amended where evidence establishes “clear and unmistakable error.” For CUE to exist: (1) “[e]ither the correct facts, as they were known at that time, were not before the adjudicator (i.e., more than a simple disagreement as to how the facts were weighed or evaluated), or the statutory or regulatory provisions extant at the time were incorrectly applied,” (2) the error must be “undebatable” and the sort “which, had it not been made, would have manifestly changed the outcome at the time it was made,” and (3) a determination that there was CUE must be based on the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242, 245 (1994) (quoting Russell v. Principi, 3 Vet. App. 310, 313-14 (1992)). As no CUE has been alleged in an unappealed prior decision, the Board will not consider whether CUE exists in any prior final decisions.
Based on the foregoing, the Board concludes that June 24, 2015, is the proper effective date for the award of service connection for the issues on appeal. As a preponderance of the evidence is against entitlement to earlier effective dates for the grant of entitlement to service connection for a lumbar spine disability, PTSD with alcohol dependence, a right foot disability, right thigh crush trauma with hip tendonitis, right lower extremity sciatica, right thigh limited flexion, and impaired right thigh rotation, adduction or abduction, the benefit-of-the-doubt rule is not for application. See 38 U.S.C. § 5107 (b); See Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990).
8. Entitlement to an effective date earlier than June 24, 2015, for the grant of entitlement to SMC at the housebound rate
SMC is payable where the Veteran has a single service-connected disability rated as 100 percent and (1) has additional service-connected disability or disabilities independently ratable at 60 percent, separate and distinct from the 100 percent service-connected disability and involving different anatomical segments or bodily systems, or (2) is permanently housebound by reason of service-connected disability or disabilities. 38 U.S.C. § 1114 (s); 38 C.F.R. § 3.350 (i).
As indicated, a May 2017 rating decision granted service connection for PTSD and assigned a disability rating of 100 percent for PTSD, effective June 24, 2015. Thereafter in August 2017, the RO granted service connection for a lumbar spine disability, rated 40 percent disabling; right leg sciatica, rated as 20 percent disabling; right thigh trauma with hip tendonitis, rated as 10 percent disabling; a right foot disability, rated 10 percent disabling, and; right thigh limited flexion, rotation and abduction, rated as noncompensably disabling. In light of the foregoing, the RO granted entitlement to service connection for SMC. See Buie v. Shinseki, 24 Vet. App. 242, 250 (2011); Bradley v. Peake, 22 Vet. App. 280, 294 (2008).
The Board has considered the propriety of the June 24, 2015, effective date for the Veteran’s grant of entitlement to SMC and finds that there is no legal entitlement to an earlier effective date in this case because the Veteran did not meet the criteria for SMC prior to June 24, 2015. 
In making this finding, the Board notes the Veteran’s prior to June 24, 2015 service connection was not in effect for any disability. 
Based on a review of the foregoing evidence, and the applicable laws and regulations, the Board finds that the preponderance of the evidence is against the appellant’s claim for an earlier effective date than June 24, 2015, for grant of entitlement to SMC. Accordingly, the appeal is denied. See 38 U.S.C. § 5107 (b); See Gilbert, 1 Vet. App. at 54.

 
JOHN CROWLEY
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Azizi-Barcelo, Tatiana