﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 191201-47963
DATE: July 31, 2020

ORDER

The appeal seeking an effective date earlier than May 14, 2018 for the grant of service connection for posttraumatic stress disorder (PTSD) is denied.

FINDINGS OF FACT

1. The Veteran’s claim for service connection for PTSD was denied originally in a July 2014 rating decision; the Veteran did not appeal this decision and it became final.

2. The July 2018 award of service connection for PTSD was not based all or in part on additional service department records received after the VA first decided the claim in June 2014 and the Veteran, otherwise, failed to provide sufficient information at the time of the June 2014 rating decision for VA to obtain relevant service department records regarding his stressor incident. 

3. Since the July 2014 final rating decision, the first communication from the Veteran to VA evidencing his intent to file a claim for benefits was received on May 14, 2018.

CONCLUSION OF LAW

The criteria for an effective date earlier than May 14, 2018, for the grant of service connection for PTSD have not been met. 38 U.S.C. §§ 5101, 5110; 38 C.F.R. §§ 3.155, 3.156(c), 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from May 1985 to September 1991. 

The Veteran selected the Higher-Level Review lane when he opted in to the AMA review system in November 2018 by submitting a Rapid Appeals Modernization Program (RAMP) election form. Thereafter, the March 2019 higher level review rating decision considered the evidence of record as of the date VA received the RAMP election form and denied entitlement to an effective date earlier than May 14, 2018 for the grant of service connection for PTSD. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Entitlement to an effective date earlier than May 14, 2018 for the grant of service connection for PTSD.

Unless specifically provided otherwise, the effective date of an award of compensation shall be the date of receipt of claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(b)(2).

When there is a prior final decision in the claims file and a later reopened claim results in a grant of the benefit, the general rule for effective dates for reopened claims applies. In such cases the effective date cannot be earlier than the subsequent claim to reopen. 38 U.S.C. §§ 5110(a), (i), 5108; 38 C.F.R. $ 3.400(q), (r); Sears v. Principi, 349 F.3d 1326 (Fed. Cir. 2003). The award can be made effective no earlier than the date of the new application. 38 U.S.C. §§ 5110(a), (i), 5108; 38 C.F.R. §§ 3.156(c), 3.400(q), (r).

However, an exception to this rule occurs when the new and material evidence includes service department records. 38 C.F.R. § 3.156(c); Vigil v. Peake, 22 Vet. App. 63 (2008). Specifically, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. 38 C.F.R. § 3.156(c)(1).

Service department records include (i) service records that are related to a claimed in-service event, injury, or disease, regardless of whether such records mention the Veteran by name; (ii) additional service records forwarded by the Department of Defense or the service department to VA any time after VA’s original request for service records; and (iii) declassified records that could not have been obtained because the records were classified when VA decided the claim. 38 C.F.R. § 3.156(c)(1).

Service department records do not include records that VA could not have obtained when it decided the claim because the records did not exist when VA decided the claim, or because the claimant failed to provide sufficient information for VA to identify and obtain the records from the respective service department, the Joint Services Records Research Center (JSRRC), or from any other official source. 38 C.F.R. § 3.156(c)(2).

An award made based “all or in part” on additional service department records is effective on the date entitlement arose or the date VA received the previously decided claim, whichever is later, or such other date as may be authorized by the provisions of this part applicable to the previously decided claim. 38 C.F.R. § 3.156(c)(3).

Procedurally, the Veteran filed an original claim for service connection for PTSD that was received in August 2013. On May 2, 2014, a letter was sent to the Veteran requesting details related to the stressful incident(s) in service. No response was provided. The Veteran’s claim was denied in a July 2014 rating decision; it was explained that he had not responded to VA’s request for specific details related to the stressful incident(s) in service and the medical evidence also failed to show that PTSD had been clinically diagnosed. The July 2014 rating decision became final when the Veteran did not file a notice of disagreement (NOD) or submit new and material evidence within the applicable appeal period. See 38 C.F.R. § 20.302.

Subsequently, on May 14, 2018, the Veteran submitted a fully developed claim for service connection for PTSD, which was construed as a request to reopen his previously denied claim. See May 2018 Fully Developed Claim. In a July 2018 rating decision, the AOJ granted service connection for PTSD based on the July 2018 VA examination and positive nexus opinion and assigned an effective date of May 14, 2018, the date of claim. 

The Veteran seeks an earlier effective date for his grant of service connection for PTSD. Specifically, he asserts that the effective date should be adjusted based on the date VA received his previously denied claim (August 7, 2013) because the current award was based on additional service department records that existed and had not been associated with the claims file when VA first decided the claim, in July 2014. See July 2018 NOD. 

In this case, however, the July 2018 award of service connection for PTSD was not based all or in part on additional service department records received after the VA first decided the claim in June 2014. In that regard, there were no additional service treatment or personnel records received after VA first decided the claim in July 2014. Importantly, while it appears that the Veteran’s DD Form 214 was added to the record on May 14, 2018, this document was a duplicate and was already associated with the claims file and considered at the time of the July 2014 final rating decision. Furthermore, although the AOJ obtained stressor information in a June 2018 the Defense Personnel Records Information Retrieval System (DPRIS)/JSRRC response, the July 2018 award of service connection was not based all or in part on this evidence. In fact, the July 2018 rating decision listed the evidence considered and reviewed at that time and such evidence was not listed. Rather, it appears that the award was based, in large part, on the July 2018 VA examination and positive nexus opinion. 

Even assuming arguendo that the AOJ relied, at least in part, on the stressor information from the June 2018 DPRIS/JSRRC response, VA could not have obtained this evidence when it first decided the claim in July 2014 because the Veteran failed to provide sufficient information for VA to identify and obtain this evidence. This was documented in the July 2014 rating decision, which denied the Veteran’s claim specifically for failing to respond to the May 2014 request to provide information regarding his in-service stressor. The Board notes that the June 2018 stressor information was only procured after the Veteran provided more detailed information in a May 2018 statement regarding PTSD, wherein he specified the date, location, and people involved in the stressful incident. The Veteran has contended that, while he did not provide additional information regarding his PTSD stressor in response to the May 2014 development letter, this information was already documented in the medical and personnel records, to include a combat patch. See December 2019 Correspondence. The May 2014 development letter, however, specifically requested the location and time (specific date range) of the stressful incidents and, despite the contemporaneous evidence of record, this remained unclear. The Veteran’s VA treatment records from July 2013 only indicate that stressor incidents occurred in Central America. This description is too general in nature with no additional details were provided, such as a specific location or timeframe. The Veteran’s personnel file, meanwhile, showed that he served at multiple locations in Central America from December 1989 to November 1990 and, contrary to the Veteran’s statement above, there were no personnel records showing combat. Therefore, even considering the Veteran’s statement in his July 2013 VA treatment record in conjunction with his service personnel records, the stressor information could not be obtained at the time of the July 2014 rating decision because the Veteran failed to provide sufficient information for VA to identify/obtain this evidence. Therefore, this evidence does not meet the criteria under 38 C.F.R. § 3.156(c)(1) to reconsider the claim. See 38 C.F.R. § 3.156(c)(2). 

Accordingly, entitlement to an effective date earlier than May 14, 2018 for the award of service connection for PTSD pursuant to 38 C.F.R. § 3.156 (c)(1) is not warranted. 

The Board has also carefully reviewed the evidence of record to determine whether there was a formal or informal communication following the final July 2014 rating decision or prior to May 14, 2018 (the date of claim), expressing an intent to reopen his previously denied claim for service connection for PTSD. However, no formal/informal claim exists, and the Veteran has not identified any record(s) which he believes to have been a formal or informal claim. See 38 C.F.R. § 3.400. Accordingly, the preponderance of the evidence establishes that the effective date has been appropriately assigned as May 14, 2018, the date of claim. 

The Board acknowledges the Veteran’s contention that this case closely mirrors a January 2019 Board decision that granted an earlier effective date under 38 C.F.R. § 3.156(c)(1). However, not only are prior Board decisions not precedential, but also the facts in that case are different from the present appeal because, in that case, the additional service department records procured from JSRRC were based on the information that was available at the time VA first decided the claim. In this case, the DPRIS/JSRRC request was made based on more detailed information regarding the date, location, and people involved with the stressful incident submitted several years after the VA first decided the claim. As discussed above, the information that the Veteran provided through his July 2013 VA treatment record was not sufficient to generate a DPRIS/JSRRC request at that time. As such, the prior January 2019 Board decision is not probative. 

(Continued on the next page)

 

The Board also emphasizes that, although VA medical records may indicate treatment for PTSD prior to May 14, 2018, the mere presence of medical evidence does not establish intent on the part of the Veteran to seek service connection for a condition. See Brannon v. West, 12 Vet. App. 32, 35 (1998); see also Lalonde v. West, 12 Vet. App. 377, 382 (1999).

 

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. E. Metzner, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.